UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ANDREA SANTIAGO, <br><br> Plaintiff, <br><br> v. <br><br> WALGREEN CO.; WALGREENS BOOTS ALLIANCE, INC.; BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; BOEHRINGER INGELHEIM CORPORATION; BOEHRINGER INGELHEIM USA CORPORATION; GLAXOSMITHKLINE, LLC; GLAXOSMITHKLINE HOLDINGS (AMERICAS), INC.; PFIZER, INC.; and JOHN DOES 1-100 INCLUSIVE, <br><br> Defendants. | Case No. <br><br> **NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, AND 1446** <br><br> **DEMAND FOR JURY TRIAL** |

**REMOVING DEFENDANTS' NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, Boehringer Ingelheim USA Corporation, Pfizer Inc., GlaxoSmithKline LLC, and GlaxoSmithKline Holdings (Americas), Inc. (collectively, the "Removing Defendants") hereby give notice of removal of this action, *Santiago v. Walgreen Co., et al.*, Case No. 2023-L-007883, from the Circuit Court of the State of Illinois in and for Cook County to the United States District Court for the Northern District of Illinois.

**INTRODUCTION**

1.       This action is one of thousands of related lawsuits filed against manufacturers and sellers of Zantac (ranitidine), alleging that the medication causes various cancers. On February 6, 2020, the Judicial Panel on Multidistrict Litigation created a Multidistrict Litigation ("MDL") in the Southern District of Florida before Judge Robin Rosenberg for pretrial coordination of cases

1

like this one "in which plaintiffs allege that they developed cancer as a result of NDMA [N-Nitrosodimethylamine] formed from Zantac." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2020 WL 582134, at *2 (J.P.M.L. 2020).

2.      Notwithstanding the federal MDL, since August 2021, more than 600 plaintiffs have filed Zantac-related personal injury lawsuits in Illinois state court. All or substantially all of these plaintiffs have brought claims against Walgreens and its affiliated entities.

3.      In October 2022, the parties jointly sought consolidation of all Illinois cases for pretrial purposes under Illinois Supreme Court Rule 384. On October 25, 2022, the Illinois Supreme Court granted the request and consolidated the cases in the Circuit Court of Cook County. Pursuant to Cook County case assignment procedures, Judge Daniel A. Trevino was designated as the judge presiding over the Rule 384 consolidated proceeding.

4.      On March 9, 2023, pursuant to Judge Trevino's case management procedures, the plaintiffs in the consolidated proceeding filed their Master Complaint. A copy of the Master Complaint is attached as **Exhibit A**. To delineate their specific claims, Judge Trevino ordered all plaintiffs in the consolidated action to file individual complaints setting forth their case-specific allegations and selecting which of the claims in the Master Complaint they would pursue in their individual cases.

5.      In April, the defendants filed motions to dismiss the Master Complaint pursuant to 735 ILCS 5/2-615. Walgreens and its affiliated entities, as well as other retailer-defendants, moved to dismiss the claims against them on several grounds, including that all plaintiffs' claims are preempted by federal law.

6.      On August 8, 2023, before argument on the motion to dismiss the Master Complaint, Plaintiff Andrea Santiago filed her individual Complaint in the Circuit Court of Cook

County against the Removing Defendants and Walgreen Co. and Walgreens Boots Alliance, Inc. ("Walgreens Defendants"). The allegations and claims in Plaintiff's Complaint mirror those of the Master Complaint. Specifically, Plaintiff alleges that she ingested over-the-counter ("OTC") "Zantac/ranitidine products" and, as a result, developed cancer—in this case, breast cancer. Compl. ¶¶ 14, 19–23. A copy of Plaintiff's individual Complaint is attached as **Exhibit B**.

7. The Removing Defendants are alleged to be citizens of States other than Illinois. *See id.* ¶¶ 30–35. The Walgreens Defendants are alleged to be citizens of Illinois. *Id.* ¶¶ 25–29.

8. On August 17, 2023, on the record and after hearing oral argument, Judge Trevino dismissed with prejudice all claims against Walgreens and its affiliated entities in the Master Complaint as preempted by federal law. The order documenting this ruling was entered on August 25, 2023. A copy of Judge Trevino's written order is attached as **Exhibit C**.

9. Shortly after the dismissal of all the claims against the Walgreens Defendants, Plaintiff asked the presiding judge of the Circuit Court of Cook County to transfer her case from the judge initially assigned to the case into the consolidated Rule 384 proceedings before Judge Trevino. Plaintiff's case was transferred on August 23, 2023. A copy of the August 23, 2023 Transfer Order is attached as **Exhibit D**.

10. Plaintiff then began attempting to serve the Removing Defendants with process on September 5, 2023.[1] Copies of the summonses Plaintiff served on the Removing Defendants are attached as **Exhibit E**. Despite Judge Trevino's previous dismissal of all claims in the Master Complaint against Walgreens and its affiliates, Plaintiff also served the Walgreens Defendants on

---

[1] As of the date of this filing, Plaintiff has not properly served both named GSK entities. GSK reserves and does not waive any objections to improper or insufficient service of process.

September 6, 2023.  Copies of the summonses Plaintiff served on the Walgreens Defendants are attached as **Exhibit F**.

11. As Judge Trevino's docket-wide dismissal of all claims against Walgreens makes clear, Plaintiff has no reasonable possibility of prevailing in her action against the Walgreens Defendants.  The Walgreens Defendants are thus fraudulently joined, and this Court has federal jurisdiction over this action based on complete diversity between Plaintiff and all properly joined defendants.

## VENUE AND JURISDICTION

12. Venue is proper in this Court, pursuant to 28 U.S.C. §§ 93(a)(1), 1391, 1441(a), and 1446(a), because this District embraces the Circuit Court of Cook County, where this case was originally pending.

13. The Removing Defendants remove this action on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 and the doctrine of fraudulent joinder.

14. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because: (1) there is complete diversity between Plaintiff and the properly joined Defendants; (2) the amount in controversy exceeds $75,000, exclusive of interest and costs; and (3) all other requirements for removal have been satisfied.

## BASIS FOR REMOVAL

**I. THERE IS COMPLETE DIVERSITY BETWEEN PLAINTIFF AND THE PROPERLY JOINED PARTIES.**

15. "Citizenship for purposes of the diversity jurisdiction is domicile, and domicile is the place one intends to remain." *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002).

16. Plaintiff alleges that she is an "individual and resident of the State of Illinois." Compl. ¶ 18. Upon information and belief, Plaintiff is domiciled in Illinois and therefore a citizen of Illinois.

17. "[C]orporations . . . are citizens both of the state of incorporation and the state in which the corporation has its principal place of business." *Wise v. Wachovia Sec., LLC*, 450 F.3d 265, 267 (7th Cir. 2006); *CCC Info. Servs., Inc. v. Am. Salvage Pool Ass'n*, 230 F.3d 342, 346 (7th Cir. 2000) (holding same). "The citizenship for diversity purposes of a limited liability company . . . is the citizenship of each of its members." *Wise*, 450 F.3d at 267.

18. Defendant Boehringer Ingelheim Pharmaceuticals, Inc. is alleged to be a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. Compl. ¶ 33. Boehringer Ingelheim Pharmaceuticals, Inc. is, therefore, a citizen of Delaware and Connecticut.

19. Defendant Boehringer Ingelheim Corporation is alleged to be a corporation organized under the laws of Nevada with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 34. Boehringer Ingelheim Corporation is therefore a citizen of Nevada and Connecticut.

20. Defendant Boehringer Ingelheim USA Corporation is alleged to be a corporation organized under the laws of Delaware with its principal place of business in Ridgefield, Connecticut. *Id.* ¶ 35. Boehringer Ingelheim USA Corporation is therefore a citizen of Delaware and Connecticut.

21. Defendant Pfizer Inc. is alleged to be a corporation organized and existing under the laws of the State of Delaware with its principal place of business in New York, New York. *Id.* ¶ 32. Pfizer Inc. is, therefore, a citizen of Delaware and New York.

22. Defendant GlaxoSmithKline Holdings (America) Inc. is alleged to be a corporation organized under the laws of Delaware with its principal place of business in Delaware. *Id.* ¶ 30. GlaxoSmithKline Holdings (America) Inc. is, therefore, a citizen of Delaware.

23. Defendant GlaxoSmithKline LLC is alleged to be a limited liability company. *Id.* Its sole member is Defendant GlaxoSmithKline Holdings (America) Inc., which is alleged to be a corporation organized under the laws of Delaware with its principal place of business in Delaware. *Id.* GlaxoSmithKline LLC is, therefore, a citizen of Delaware.

24. Defendants Does 1 through 100 are sued under fictitious names. Their citizenship is ignored for purposes of determining the propriety of removal. *See* 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.").

25. Because Plaintiff is a citizen of Illinois and the properly joined defendants are citizens of states other than Illinois, complete diversity exists. *See* 28 U.S.C. §§ 1332, 1441.

## II. THE WALGREENS DEFENDANTS ARE FRAUDULENTLY JOINED

26. The Walgreens Defendants are fraudulently joined, and their citizenship ignored, because there is no reasonable possibility that Judge Trevino would rule against those in-state entities and in favor of Plaintiff. The Walgreens Defendants' citizenship should therefore be disregarded in determining whether the Court has diversity jurisdiction in this case.

27. A defendant is fraudulently joined if "there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant.'" *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999) (quotation omitted); *Clay v. Philip Morris USA Inc.*, No. 18-cv-3549, 2018 WL 11198356, at *1 (N.D. Ill. Nov. 6, 2018) (in assessing fraudulent joinder,

"the district court must ask whether there is 'any reasonable possibility' that the plaintiff could prevail against the non-diverse defendant" (quotations omitted)).

28. When a judge presiding over a state's consolidated mass tort proceedings dismisses all master claims against a diversity-destroying defendant with prejudice, a plaintiff in the consolidated proceeding may not then name that defendant in her individual complaint to avoid removal. *See Monroe v. Ethicon, Inc.*, Civ. No. 19-5384, 2019 WL 7050130, at *1, 3, 4–12 (E.D. Pa. Dec. 23, 2019). This is because the decision of the judge dismissing the non-diverse defendant with prejudice is "not a decision by a state court judge in a different matter involving different defendants" but rather was entered in the "exact same case" and based on the same master complaint. *Id.* at *11; *see also Quinn v. Ethicon, Inc.*, Civ. No. 19-5462, 2020 WL 977326, at *4 (E.D. Pa. Feb. 27, 2020) (finding joinder of non-diverse defendant in plaintiff's individual complaint fraudulent where judge presiding over consolidated docket dismissed all claims against same defendant in master complaint); *Stewart v. Ethicon, Inc.*, Civ. No. 19-4776, 2020 WL 1330713, at *6 (E.D. Pa. Mar. 19, 2020) (denying motion to remand where plaintiff "asserts no intervening change in the facts or law" but "simply refiled legal claims against [the diversity-destroying defendant] in the court that had already dismissed those claims as barred under federal law"); *see generally Markham v. Ethicon, Inc.*, 434 F. Supp. 3d 261 (E.D. Pa. 2020). A plaintiff in such circumstances "do[es] not have a colorable claim" against the diversity-destroying defendant, and it is therefore fraudulently joined. *Monroe*, 2019 WL 7050130, at *12.

29. Here, the Walgreens Defendants are fraudulently joined. On August 17, 2023—after Plaintiff filed her complaint in Cook County, but before she served any defendant—Judge Trevino granted the retailer-defendants' motion to dismiss and dismissed all claims against them, including Walgreens and its affiliates, with prejudice as preempted by federal law. *See* **Exhibit C**

(Aug. 25, 2023 Dismissal Order). The claims the court dismissed are the very same claims that Plaintiff asserts in her Complaint against the Walgreens Defendants: negligent storage and transportation, negligent misrepresentation, breach of express and implied warranties, common-law fraud, and violation of the Illinois Consumer Fraud Act. *Compare* **Exhibit B**, Compl. ¶¶ 355 (page 80)–441, *with* **Exhibit A**, Master Compl. ¶¶ 452–69, 496–513, 540–91. Within a week of the court's August 17, 2023 order, Plaintiff asked the presiding judge of Cook County to transfer her case to the consolidated proceeding. That order was entered, and Plaintiff's Complaint is now pending in the Rule 384 consolidated proceeding. **Exhibit D** (*Santiago* Aug. 23, 2023 Transfer Order).

30. Accordingly, Plaintiff has no "reasonable possibility" of prevailing against the Walgreens Defendants in the Rule 384 proceeding, and the Walgreens Defendants' alleged Illinois citizenship should be disregarded for purposes of jurisdiction.[2]

### III. THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

31. Plaintiff's claims also satisfy the amount-in-controversy requirement set forth in 28 U.S.C. § 1332(a).

32. Where a complaint does not set forth a specific amount of damages, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547,

---

[2] Defendants acknowledge that some federal courts in Illinois have rejected fraudulent joinder arguments based on untested preemption defenses. *See Garretson, et al. v. Dr. Reddy's Labs., Inc., et al*, No. 3:21-cv-01366-NJR, 2021 WL 5321548, at *3 (S.D. Ill. Nov. 16, 2021); *Hawkins v. Boehringer Ingelheim Pharms., Inc., et al.*, No. 1:20-cv-06509, slip op. at 7 (N.D. Ill. Jan. 19, 2021) (**Exhibit J**). But here, the judge overseeing the consolidated actions has already *ruled* that identical claims made against the Walgreens Defendants—Plaintiff's only non-diverse defendant—are preempted by federal law. Accordingly, there is no reasonable possibility that Plaintiff could state a claim against the Walgreens Defendants.

554 (2014). "[T]he defendant's amount-in-controversy allegation should be accepted when not contested by the plaintiff or questioned by the court," and "[e]vidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.* at 553–54.

33. The Complaint here includes twelve causes of action and alleges that Plaintiff's use of OTC Zantac caused Plaintiff to "develop breast cancer." *See, e.g.*, Compl. ¶¶ 12–14, 19–23.

34. Plaintiff seeks several categories of damages arising out of her development of breast cancer, including compensatory and economic damages, pain and suffering, disability and disfigurement, loss of enjoyment, and other forms of damages for every count. *See id.* ¶¶ 275, 295–299, 323, 349, 354, 371, 388, 408, 409, 423, 431, 441.

35. Courts in this District routinely find that the amount-in-controversy exceeds $75,000 where, as here, a personal injury plaintiff alleges significant medical injuries and seeks compensation for medical bills and pain and suffering. *See, e.g.*, *Walker v. Macy's Retail Holding, Inc.*, No. 14 C 2513, 2015 WL 970107, at *2 n.2 (N.D. Ill. Feb. 26, 2015) (amount-in-controversy exceeded $75,000 where plaintiff suffered serious injuries caused by defendants' allegedly defective clothing); *Reder v. Pearlman*, No. 04 C 6104, 2005 WL 326983, at *1 n.1 (N.D. Ill. Feb. 8, 2005) (amount-in-controversy exceeded $75,000 where plaintiff alleged defendants' negligence caused plaintiff's cancer to develop).

36. Similarly, in another Zantac case in which the plaintiff claimed cancer as an injury, a federal court in Nevada denied a motion to remand where the amount-in-controversy was not alleged, finding that the requirement was satisfied on the face of the complaint by the nature of the alleged injury. *See, e.g.*, *Brooks v. Sanofi S.A.*, No. 2:20-cv-565-JCM-EJY, 2020 WL 1847682

(D. Nev. Apr. 13, 2020). And in the thousands of personal injury cases in the Zantac MDL, each plaintiff either expressly claimed damages in excess of $75,000 or impliedly did so by filing a lawsuit in federal court and invoking federal diversity jurisdiction. Plaintiffs in those related cases—as is the case here—alleged that they were diagnosed with cancer. *See, e.g.*, *Watkins v. Boehringer Ingelheim Pharm., Inc.*, No. 20-cv-03063 (E.D. Pa.) (adenocarcinoma); *Safra v. Boehringer Ingelheim Pharm., Inc.*, No. 20-cv-60019 (S.D. Fla.) (lung cancer); *Deihimi v. Boehringer Ingelheim Pharm., Inc.*, No. 20-cv-22149 (S.D. Fla.) (liver cancer).

37. Jury awards in Illinois involving similar allegations and injuries likewise have exceeded the jurisdictional threshold. *See, e.g.*, Jury Verdict, *Sanders v. CSX Transp., Inc.*, JVR No. 2302140016 (Cir. Ct. Cook Cnty., Ill. Aug. 2022) (awarding $2.2 million in compensatory damages to a plaintiff who was diagnosed with and died from colon cancer following exposure to toxic chemical); Jury Verdict, *Cowger v. Qualitex Co.*, JVR No. 2112130023 (Cir. Ct. Cook Cnty., Ill. Nov. 2021) (awarding $23 million in compensatory damages to a plaintiff who was diagnosed with mesothelioma following exposure to asbestos); Jury Verdict, *Thompson v. Sprinkman Sons Corp.*, JVR No. 468405 (Cir. Ct. Cook Cnty., Ill. Sept. 2001) (awarding $350,000 in compensatory damages to a plaintiff who was diagnosed with lung cancer following exposure to asbestos fibers) (cumulatively, **Exhibit G**).

38. Based on the face of the Complaint, it is clear that the amount-in-controversy exceeds $75,000, exclusive of interest and costs.

39. This Court thus has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, because this is a civil action in which the amount-in-controversy exceeds $75,000, exclusive of interest and costs, and is an action between citizens of different States.

### IV. ALL OTHER REMOVAL REQUIREMENTS ARE SATISFIED.

40. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b)(1), which allows 30 days for removal "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."

41. Plaintiff began attempting service upon each of the Removing Defendants on September 5, 2023. *See* **Exhibit E**.

42. Removal pursuant to 28 U.S.C. § 1441(a) requires that "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). All properly joined and served Defendants either join in or consent to removal. In addition, although they are improperly joined in this action, the Walgreens Defendants consent to removal out of an abundance of caution to ensure compliance with the statutory unanimity requirement of 28 U.S.C. § 1446(b)(2)(A).[3]

43. The Removing Defendants are providing Plaintiff with written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d).

44. Pursuant to 28 U.S.C. § 1446(d), Removing Defendants are filing a copy of this Notice of Removal with the Clerk of the Circuit Court of the State of Illinois in and for Cook County.

45. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, orders and other papers filed in Plaintiff's state court action—as available from the state court docket or otherwise

---

[3] All Defendants' Consents to Removal are attached as **Exhibit H**. The unidentified defendants Does 1-100 are not required to consent to removal. *See In re Pradaxa (Dabigatran Etexilate) Prods. Liab. Litig.*, MDL No. 2385, 2013 WL 656822, at *2 n.10 (S.D. Ill. Feb. 22, 2013) (collecting case law holding that "the consent of nominal or formal parties is not necessary" for removal).

made available to Removing Defendants at the time of filing of this notice—are attached hereto as **Exhibit I**.

46. By filing this Notice of Removal, the Removing Defendants do not waive any defense that may be available and reserve all such defenses, including but not limited to those related to service of process and lack of personal jurisdiction.

47. If any question arises regarding the propriety of the removal of this action, the Removing Defendants respectfully request the opportunity to present a brief and be heard at oral argument in support of removal.

48. No previous application has been made for the relief requested herein.

**DEMAND FOR JURY TRIAL.**

49.     The Removing Defendants hereby demand a separate jury trial on all claims and issues so triable.

WHEREFORE, the Removing Defendants give notice that the matter bearing Case No. 2023-L-007883, pending in the Circuit Court of Cook County, Illinois is removed to the United States District Court for the Northern District of Illinois, and requests that this Court retain jurisdiction for all further proceedings in this matter.


Dated: September 20, 2023

                          Respectfully submitted,

                          By: */s/ Julia Zousmer*
                          Julia Zousmer (IL 6325189)
                          **KING & SPALDING LLP**
                          110 N Wacker Drive
                          Suite 3800
                          Chicago, IL 60606
                          (T): (312) 995-6333
                          Email: jzousmer@kslaw.com

                          Andrew T. Bayman (*pro hac vice forthcoming*)
                          Robert B. Friedman (*pro hac vice forthcoming*)
                          Christopher P. Eby (IL 6320570)
                          **KING & SPALDING LLP**
                          1180 Peachtree St NE
                          Suite 1600
                          Atlanta, GA 30309
                          (T): (404) 572-4600
                          Email: abayman@kslaw.com
                          Email: rfriedman@kslaw.com
                          Email: ceby@kslaw.com

                          *Counsel for Defendants Boehringer Ingelheim Pharmaceuticals, Inc., Boehringer Ingelheim Corporation, and Boehringer Ingelheim USA Corporation*

/s/ *George Sax*
Stephanie A. Scharf
George D. Sax
**SCHARF BANKS MARMOR LLC**
333 West Wacker Drive, Suite 450
Chicago, IL 60606
Phone:(312) 726-6000
sscharf@scharfbanks.com
gsax@scharfbanks.com

*Counsel for Pfizer Inc.*

/s/ *Tarek Ismail*
Tarek Ismail
Shayna S. Cook
Rami N. Fakhouri
**GOLDMAN ISMAIL TOMASELLI BRENNAN & BAUM LLP**
200 South Wacker Drive, 22nd Floor
Chicago, IL 60606
Telephone: (312) 681-6000
rfakhouri@goldmanismail.com

Erik Snapp
**DECHERT LLP**
35 West Wacker Drive, Suite 3400
Chicago, IL 60601
Telephone: (312) 646-5800

*Counsel for GlaxoSmithKline, LLC, and GlaxoSmithKline Holdings (Americas), Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I served the foregoing **NOTICE OF REMOVAL** on the below counsel using electronic mail:

| Party | Counsel |
|---|---|
| Plaintiff | **PARAFINCZUK WOLF, P.A.**<br>By: /s/ John A. Bruegger<br>JOHN A. BRUEGGER, ESQ.<br>Ill. Bar. No. 6278821<br>JBruegger@Parawolf.com<br>JUSTIN PARAFINCZUK, ESQ.<br>*Pro Hac Vice Forthcoming*<br>JParafinczuk@Parawolf.com<br>5550 Glades Road, Suite 500<br>Boca Raton, FL 33431<br>Telephone (954) 462-6700<br>Facsimile (954) 462-6567 |

/s/ *Julia Zousmer*
Julia Zousmer