UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                    MDL NO. 2924
PRODUCTS LIABILITY                          20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:**

24-CV-80121
24-CV-80123
24-CV-80124
24-CV-80125
24-CV-00019[1]

## ORDER GRANTING THE PLAINTIFFS' MOTIONS TO REMAND

**THIS CAUSE** is before the Court on the Plaintiffs' Motion to Remand the above-referenced cases at docket entry 7259 and the Motion to Remand at docket entry 7294. The Motions have been fully briefed. For the reasons set forth below, the Motions are granted.

The Plaintiffs initially filed suit in state court. The Defendants removed the suits to federal court, arguing that the non-diverse Defendants (retailers who sold the drug at issue in this MDL) had been fraudulently joined for the sole purpose of eliminating federal diversity jurisdiction.

The standard for fraudulent joinder is one of the highest in the law. For fraudulent joinder to be proven, there must be **no possibility** that a plaintiff can prove a cause of action. *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011). When determining whether there is any possibility that the Plaintiffs could prevail, this Court must view the evidence in the light most favorable to the Plaintiffs. *Id.* at 1333. Any doubts this Court has about removal must be resolved

---

[1] The Defendants no longer oppose the remand of case 24-CV-00019, and the case is remanded on that basis. *See* DE 7305. The Court's analysis in this Order therefore focuses on the cases that are still in dispute.

in favor of remand. *City of Vestavia Hills v. Gen. Fid. Ins. Co.*, 676 F.3d 1310, 1313 (11th Cir. 2012).

Here, in a consolidated action the state court dismissed claims against retailer-defendants, finding that the (state law) claims against those retailers were pre-empted by federal law. Because the Plaintiffs filed their claims after the state court's dismissal (or shortly before), the Defendants argue that there was no possibility that the Plaintiffs could prevail on the claims and, as a result, the retailer-defendants were fraudulently joined.

A claim is not fraudulently joined so long as there is reasonable debate over the legal sufficiency of the claim. *E.g., Garretson v. Dr. Reddy's Labs., Inc.*, No. 21-CV-01366, 2021 WL 5321548, at *2 (S.D. Ill. Nov. 16, 2021). As the Defendants recognize, however, this Court has repeatedly held that there is room for debate as to whether claims against retailers in this MDL are pre-empted by federal law. *E.g., In re Zantac*, 20-MD-2924 (April 1, 2021). In the Plaintiffs' state court case, the trial judge's decision on pre-emption may be appealed at the appropriate time. In such a situation, there is no fraudulent joinder of retailer-defendants. As explained by one circuit court:

> Removal following an involuntary dismissal may be only temporary: the plaintiff may appeal the dismissal in state court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court.

*Poulas v. Naas Foods, Inc.*, 959 F.2d 69, 72 (7th Cir. 1992).

Because the trial judge's ruling has not been affirmed on appeal, because the time to appeal has not yet run, and because the law on this issue is not so clear as to remove "from reasonable debate" how the appellate court would rule, the Plaintiffs did not fraudulently join retailer-defendants. Accordingly, it is **ORDERED AND ADJUDGED** that the Plaintiffs' Motions to

2

Remand are granted.  The Court declines to award attorney's fees.  The Plaintiffs shall submit a proposed order in Microsoft Word format remanding the above-references cases to rosenberg@flsd.uscourts.gov.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 13th day of June, 2024.

*[signature]*
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record